**Opinion filed August 3, 2017**



In The

# Cleventh Court of Appeals

_____

## No. 11-17-00182-CR

_____

## JOSHUA WALTER GOSSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 27272A**

## M E M O R A N D U M   O P I N I O N

Joshua Walter Gosson, Appellant, has filed an untimely pro se notice of appeal from a conviction for the offense of possession of methamphetamine. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on May 10, 2017, and that his notice of appeal was filed in the district

clerk's office on June 29, 2017. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We also noted that the trial court had certified this was a plea-bargain case and that Appellant had waived his right to appeal. We requested that Appellant respond to our letter and show grounds to continue. Appellant has not filed a response.

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant did not file a motion for new trial and that Appellant's notice of appeal was filed with the clerk of the trial court fifty days after sentence was imposed. The notice of appeal was, therefore, untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Neither a notice of appeal nor a motion for extension were filed within the fifteen-day period permitted by TEX. R. APP. P. 26.3.

Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, the appeal would have been prohibited by TEX. R. APP. P. 25.2, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal.

TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); s*ee Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

August 3, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.